RIMON, P.C.
Scott Raber (CA SBN 194924)
scott.raber@rimonlaw.com
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: (415) 693-9208

RIMON, P.C.
Ivan L. Tjoe (SBN 203420)
ivan.tjoe@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: (213) 314-2938

Attorneys for Plaintiff
Pebble Mobility, Inc.

ROBERT S. SHWARTS (CA SBN 196803)
rshwarts@orrick.com
ROBERT REESE ONATE (CA SBN 344765)
ronate@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendants
Ivan Wang and Evotrex, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| PEBBLE MOBILITY INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVAN WANG, an Individual; EVOTREX, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-03090-KK-MAP<br><br>**STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-CV-03090-KK-MAP

## I.      INTRODUCTION

### A.      Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further acknowledge, as set forth in Section XII.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.      Good Cause Statement

This action is likely to involve research, development, technical, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such materials and information may consist of, among other things, information regarding proprietary technology, including information pertaining to research, development, and part selection and specifications, commercially sensitive business or financial information, other confidential commercial information, including information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of

- 1 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner and that there is good cause why it should not be part of the public record of this case.

## II.    DEFINITIONS

1.    Action:  The above-captioned action, filed in the United States District Court for the Central District of California, entitled *Pebble Mobility, Inc. v. Ivan Wang and Evotrex, Inc.*, Case No. 5:25-cv-03090-KK-MAP.

2.    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.    "CONFIDENTIAL" Information or Items:  Disclosure or Discovery Material that qualify for protection under Federal Rule of Civil Procedure 26(c) (regardless of how it is generated, stored, or maintained), including but not limited to personal, financial, proprietary, or commercially sensitive information.

4.    "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-cv-03090-KK-MAP

6.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

7.     Disclosure or Discovery Material:  All information or items, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

9.     In-House Counsel:  Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

10.     Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

11.     Outside Counsel of Record:  Attorneys, and their support staffs, who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

12.     Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, and their support staff.

13.     Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

14.     Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

- 3 -

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-CV-03090-KK-MAP

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

16. Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information that was created by and belongs to a Receiving Party.

This Order does not govern the use of Protected Material at trial. Disclosure or Discovery Material that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall continue to be treated as such pursuant to this Stipulated Protective Order until there is a ruling by the Court on the procedures for the introduction of evidence at trial or an agreement of the

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

Parties. In addition, any such designated Disclosure or Discovery Material that is not introduced as evidence at trial shall maintain the protections and designations of this Stipulated Protective Order after the start of any trial in this matter.

All Disclosure or Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with this Stipulated Protective Order, shall be used by a Receiving Party solely for the purpose of conducting or participating in this Action, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, commercial, or administrative purpose or function.

## IV.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   DESIGNATING PROTECTED MATERIAL

1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

- 5 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

2.     Manner and Timing of Designations.  Except as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated.  It is the duty of the Designating Party to give notice of the confidentiality designation pursuant to this Order, which must be done, wherever possible, before the material is disclosed or produced.  The duty of the Receiving Party and of all other persons bound by this Order to maintain the confidentiality of the Protected Material shall commence with receipt of the designation.  Designation in conformity with this Order requires:

a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which materials it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-cv-03090-KK-MAP

must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b. For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party make a confidentiality designation at the time of the deposition or other proceeding by indicating on the record before the close of the deposition or other proceeding. Alternatively, the Designating Party may identify Protected Material in deposition testimony in writing, by page and line number, within thirty (30) days of the Designating Party's receipt of the electronic transcript of the deposition. Unless the Parties agree otherwise, until the thirty (30) day period has elapsed, the deposition transcript is to be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY. At the expiration of that thirty (30) day period, any portions of the transcript not designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY will cease to be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY. A Party thereafter seeking to assert inadvertent failure to designate under Section V.3 shall have the burden of showing good cause for their failure to designate the testimony previously. During the pendency of any such subsequent designation or motion, the testimony that is the subject of the designation shall be treated as though the designation was timely asserted.

c.   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any correction to a designation and notice of that correction shall be made in writing, accompanied by substitute copies of each item of Protected Material, properly marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," in accordance with Section V.2 of this Order.  A Receiving Party may challenge a late designation in accordance with Section VI of this Order.  Until such challenge is resolved by the Parties or the Court, the disputed Disclosure or Discovery Material shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," in accordance with the corrected designation.  If no challenge is made to a late designation, then within twenty-one (21) days of receipt of the corrected or substituted copies of the Disclosure or Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Disclosure or Discovery Material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.   <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with any subsequent scheduling order by the Court.

2.   <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

3.   <u>Burden of Persuasion</u>.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

1.   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   Every person to whom Protected Material is to be disclosed, summarized, described, or otherwise communicated, in whole or in part, shall first be advised that the Protected Material is being disclosed pursuant and subject to the terms of this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website or other internet-based document repository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-CV-03090-KK-MAP

2.    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.  The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.  The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.  The Court and its personnel;

e.  Court reporters and their staff;

f.  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g.  The author or prior recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-CV-03090-KK-MAP

reveal Protected Material, or which have otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

3. Disclosure of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to only:

a. The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.

b. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

c. The Court and its personnel;

d. Court reporters and their staff;

e. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f. The author or prior recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided that the person or persons receiving the Protected

- 11 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

Information pursuant to this paragraph is not a party, or any officers, directors, and employees (including In-House Counsel) of a party to this Action;

g. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, or which have otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

h. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.

- 12 -

[PROPOSED] STIPULATED PROTECTIVE
ORDER
5:25-CV-03090-KK-MAP

Such notification shall include a copy of this Stipulated Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

- 13 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

   a.  Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   b.  Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   c.  Make the information requested available for inspection by the Non-Party, if requested.

3.    If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent an order by the Court to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

   a.  Notify in writing the Designating Party of the unauthorized disclosures;

   b.  Use its best efforts to retrieve all unauthorized copies of the Protected Material;

   c.  Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

   d.  Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-cv-03090-KK-MAP

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1.     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in any subsequent e-discovery order that provides for production without prior privilege review.

2.     The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

## XII.   MISCELLANEOUS

1.     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.     Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

3.     Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order also shall not operate as an admission by any person that:

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

a. any particular document, testimony, or information marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulated Protective Order): (i) to seek a determination by the Court of whether any particular Protected Material should be subject to protection under the terms of this Stipulated Protective Order; or (ii) to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulated Protective Order, either generally or as to any particular Disclosure or Discovery Material.

4. Filing Protected Material. A Party that seeks to file under seal any "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials must comply with Civil Local Rule 79-5. "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials may only be filed under seal pursuant to an order by the Court authorizing the sealing of the specific "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials at issue. If a Party's request to file "CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIII. FINAL DISPOSITION

The termination of this Action shall not relieve Counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Material pursuant to this Order, and this Court shall retain continuing jurisdiction to enforce the terms of this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-cv-03090-KK-MAP

Within 60 days of the final disposition of this Action, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV and for three years following the final resolution of this litigation (including any appeal from a final judgment of this Court).

## XIV.  ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 24, 2025

RIMON, P.C.
By: */s/ Scott Raber*
SCOTT RABER, (SBN 194924)
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: (415) 693-9208
scott.raber@rimonlaw.com

*Attorney for Plaintiff*
*Pebble Mobility, Inc.*

Dated: December 24, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP
By: */s/ Robert S. Shwarts*
ROBERT S. SHWARTS (SBN 196803)
The Orrick Building
405 Howard Street
San Francisco, California 94105
Telephone:  +1 415 773 5700
rshwarts@orrick.com

*Attorney for Defendants*
*Ivan Wang and Evotrex, Inc.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. Date: February 4 ___, 2026

_____
Hon. Margo A. Rocconi
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
5:25-CV-03090-KK-MAP

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that:

I am employed as _____ by _____.

I have read in its entirety and understand the foregoing Stipulated Protective Order ("Order") that was issued in the case of *Pebble Mobility, Inc. v. Ivan Wang and Evotrex, Inc.*, Case No. 5:25-cv-03090-KK-MAP (C.D. Cal.), and have received a copy of it.

I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and to damages to the Designating Party.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 1 -

EXHIBIT A TO [PROPOSED] STIPULATED
PROTECTIVE ORDER
5:25-CV-03090-KK-MAP